

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-21, 471-02

### EX PARTE JAIME ZUNIGA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1986CRB020309D3 IN THE 341ST DISTRICT COURT FROM WEBB COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of murder and sentenced to thirty-three years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being detained unlawfully in the Harris County Jail under authority of a parole revocation warrant and that he has discharged his sentence. Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain responses as appropriate from persons with knowledge of relevant facts. In

developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The responses shall state whether Applicant is being held under authority of a parole revocation warrant issued in relation to this sentence. If so, the responses shall set forth Applicant's time calculations for this cause, including relevant dates pertaining to issuance and execution of any parole revocation warrants and the maximum discharge date. If Applicant is held under authority of a parole revocation warrant, the responses shall also address whether Applicant has been provided with a timely parole revocation hearing. The trial court shall make findings of fact and conclusions of law addressing whether Applicant is confined on this sentence. If he is confined, the trial court shall also make findings addressing the legality of any confinement under authority of this sentence.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: October 21, 2020
Do not publish